IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ELEODORO BOJORQUEZ-LOPEZ,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER<br>and<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-CV-306 TC |

On April 22, 2008, federal prisoner Eleodoro Bojorquez-Lopez filed a *pro se* Motion to

Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. §

2255.  He seeks a court order vacating or modifying the 120 month sentence he received after

entering a guilty plea to one count of conspiracy to distribute methamphetamine in United States

v. Bojorquez-Lopez, Case No. 2:06-CR-663 PGC.  For the reasons set forth below, Mr.

Bojorquez-Lopez's § 2255 Motion is DENIED.

**ANALYSIS**

Mr. Bojorquez-Lopez alleges that he was denied effective assistance of counsel because

his attorney (1) failed to file and perfect an appeal (§ 2255 Motion at 5, ¶ A); (2) failed to move

the district court for a downward departure under United States Sentencing Guideline 3B1.2  (see

id. at 5, ¶ B); and (3) failed to move the district court under U.S.S.G. 5C1.2 (see id. at 5, ¶ C).

Mr. Bojorquez-Lopez's § 2255 Motion must be denied because he has waived his right to

collaterally attack his sentence under § 2255.  Specifically, in his Statement by Defendant in

Advance of Plea of Guilty, he agreed to the following:

> I . . . knowingly, voluntarily and expressly waive my right to challenge my
> sentence, and the manner in which the sentence is determined, in any collateral
> review motion, writ or other procedure, including but not limited to a motion
> brought under Title 28, United States Code, Section 2255.

(Statement by Def. in Advance of Plea of Guilty (Dkt No. 159) at ¶ 10)  His waiver is valid

because the evidence shows that it was entered voluntarily, knowingly and intelligently.[1]

Mr. Bojorquez-Lopez is not attacking the validity of his plea agreement, the proceedings

leading up to entry of his guilty plea, or the waiver in his Statement by Defendant in Advance of

Plea of Guilty.  What he is claiming is that he received ineffective assistance of counsel at

sentencing and appeal.  But he validly waived his right to challenge his sentence, even on the

basis of ineffective assistance of counsel.  See, e.g., United States v. Cockerham, 237 F.3d 1179,

1181-83 (10th Cir. 2001) (holding that express waiver of § 2255 rights in plea agreement is

enforceable when petitioner is challenging the sentence and the plea and waiver were knowingly

and voluntarily made); see also United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002)

(holding that right to § 2255 collateral attack only survives waiver if petitioner claims ineffective

assistance of counsel with respect to the plea agreement).

### ORDER

For the foregoing reasons, Eleodoro Bojorquez-Lopez's § 2255 Motion is DENIED.

DATED this 9th day of June, 2008.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief District Judge

---

[1]Because the petition, memorandum, files and records of this case conclusively show that
Mr. Bojorquez-Lopez is entitled to no relief, the court decides this matter without a hearing.  See
28 U.S.C. § 2255.